IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARDO MORALES VASQUEZ, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:20-cv-00016 (Erie) |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| PENNSYLVANIA DEPARTMENT | ) | UNITED STATES MAGISTRATE JUDGE |
| OF CORRECTIONS, ET AL., | ) | |
| | ) | |
| Defendants | ) | MEMORANDUM AND ORDER ON |
| | ) | PLAINTIFF'S MOTION |
| | ) | TO COMPEL (ECF NO. 31) |
| | ) | |

Presently before the Court is Plaintiff's motion to compel discovery.  ECF No. 31.  Upon

review and for the reasons state below, the motion is **GRANTED in part and DENIED in part.**

1.      Background

Plaintiff Ricardo Morales-Vasquez (Plaintiff), an inmate confined at the State Correctional

Institution at Forest, initiated this action pursuant to 42 U.S.C. § 1983.  The matter is proceeding on

Plaintiff's Amended Complaint, filed on April 23, 2020.  ECF No. 12.  In the Amended Complaint,

the Plaintiff alleges, among other things, that his constitutional rights were violated in connection

with a strip search conducted by Defendant Reitz.  *See, e.g.*, ECF No. 31, ¶¶ 16-34.  Defendants have

filed an Answer to the Amended Complaint (ECF No. 13).  Discovery initially concluded on

November 10, 2020, and summary judgment motions were to have been filed by December 21,

2020.  *See* ECF No. 16.  No motions for summary judgment were filed by that date.  *Id.*  The Court

granted Defendants' requested additional time for discovery (ECF No. 20) and extended the

deadline to January 11, 2021.  ECF No. 20.  The discovery period was further extended to March 26,

2021, upon motion by the Plaintiff.  *See* ECF Nos. 21, 24.  The instant motion was filed on

March 22, 2021, before the close of the discovery period.

2.      Legal Standards

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as

follows:

> Unless otherwise limited by court order, the scope of discovery is as
> follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of
> the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources,
> the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely
> benefit. Information within this scope of discovery need not be
> admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  *See also Thuy Vo v. Gilmore*, 2020 WL 1061681, at *2 (W.D. Pa. Mar. 5,

2020), *objections sustained in part and overruled in part sub nom. Thuy Van Vo v. Gilmore*, 2020 WL 1935519

(W.D. Pa. Apr. 22, 2020).  Rulings regarding the proper scope of discovery, and the extent to which

discovery may be compelled, are matters consigned to the Court's discretion and judgment.  It has

long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in

the sound discretion of the Court.  *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

A party who has received evasive or incomplete discovery responses may seek a court order

compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a).  The moving party

must demonstrate the relevance of the information sought to a particular claim or defense. The

burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery

request does not fall within the broad scope of discovery or is otherwise privileged or improper.  *Ivy

v. Johnson*, 2021 WL 322170, at *1 (M.D. Pa. Feb. 1, 2021) (citing *Goodman v. Wagner*, 553 F. Supp.

255, 258 (E.D. Pa. 1982)).

Courts typically afford considerable latitude in discovery in order to ensure that litigation

proceeds with "the fullest possible knowledge of the issues and facts before trial."  *Hickman v. Taylor*,

329 U.S. 495, 501 (1947).  Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain

2

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ... Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).  A court may also limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).  *See also Ivy*, 2021 WL 322170, at *1.

3.      Discussion

        In his motion to compel, Plaintiff requests that the Defendants be compelled to answer interrogatories to which they have lodged objections.  The interrogatories in question were sent to Defendants Reitz, David, and Oberlander on September 28, 2020.  ECF No. 31, p. 2.  Plaintiff has not provided the court with copies of the Defendants' responses, including their objections to any questions as proposed.  But he has re-typed their responses to his discovery requests and submitted those for the Court's review.  *See* ECF No. 31-4.  According to the Plaintiff, the Defendants object to responding to Interrogatories 8, 9, 10, 11, 12, 14, 15, 16, 17, and 18.  *See id.*

3.1     Discovery Requests to Defendant Reitz.

        First, the Plaintiff challenges Defendant Reitz' objections to Interrogatories number 8, 9, 10, 11, 13, 14, 15, 16, 17 and 18.  Interrogatories 8, 9, 10, and 11 seek information relating to Defendant Reitz' prior (or continued) employment as a police officer.  *See* ECF No. 12, ¶ 84 ("Reitz … is/was a police officer."); ECF No. 31-2, ¶ 8-12.  Information about Reitz' past employment is largely irrelevant.  Plaintiff has raised allegations that strip searches conducted at SCI-Forest on July 8, 26, and August 18, 2018, by Reitz violated his constitutional and statutory rights.  *See, e.g.*, ECF No. 12,

3

¶¶ 12.  Plaintiff's claims do not relate to any actions Reitz may have taken while employed by an outside police department.  As such, these Interrogatories are not relevant to his claim and the motion to compel responses thereto is denied.  Additionally, under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible character evidence in a civil case.  Thus, to the extent Plaintiff seeks this information to dispute the character of Defendant Reitz, such evidence would be inadmissible.  *See, e.g., Ivy v. Johnson*, 2021 WL 322170, at *2 (M.D. Pa. Feb. 1, 2021).

The remaining interrogatories seek information relating to Reitz' employment with the Pennsylvania Department of Corrections.  Plaintiff asks for information and documents relating to complaints filed against Reitz by co-workers or supervisors (Interrogatory number 13), copies of communication related to any such incidents or complaints (Interrogatory number 14), complaints filed against Reitz by other inmates (Interrogatory number 15), copies of communications related to those complaints (Interrogatory number 16), information related to any racial comments or gestures made by DOC coworkers or supervisors (Interrogatory number 17), and any information on complaints made by other inmates within the DOC about Reitz making racial comments or gestures (Interrogatory number 18).  Defendant Reitz' objections to these inquiries are sustained and the motion to compel responses to these questions is denied.

First, information concerning personnel records, including any complaints made against Reitz by coworkers or supervisors, is not discoverable because it is confidential and contains information about other DOC employees, which could create a security risk for those individuals. *See Simmons v. Gilmore*, 2019 WL 3944325, *3 (W.D. Pa. Aug. 21, 2019).  Second, information relating to grievances, complaints, or reports filed by other inmates against Reitz could potentially contain confidential information about those inmates as well as any named staff members and would create an obvious security risk. *Robinson v. Folino*, 2016 WL 4678340, at *3 (W.D. Pa. Sept. 7, 2016); *see also*

*Lofton v. Wetzel*, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015) ("[plaintiff's] request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the relevance of such information is questionable at best"). *See also Swinson v. Blakely*, 2015 WL 4378484, at *3 (E.D. Pa. July 15, 2015) (finding that the plaintiff's requests for information related to grievances filed by other inmates against the defendant and the names of other inmates who Defendant had referred to security were irrelevant to the plaintiff's claim of retaliation for filing a grievance against the defendant). Thus, the motion to compel such responses from Reitz is denied.

3.2     Discovery Requests to Defendant Davis

Plaintiff seeks to compel Defendant Davis' response to Interrogatory 13, which asks: "[i]f there have been any complaints, whether founded or unfounded, formal or informal, filed by employees of the PA DOC and/or by inmates, please produce for inspection all parts of the complaint(s) made and any other documents produce/generated due to the complaint(s)." ECF No. 31-4, ¶ 13, p. 18. Defendant Davis objects, arguing that the information is confidential and that, in any event, inmates are not permitted to possess records related to other inmates. *See id.* The Court agrees. This information is not discoverable because it is confidential, contains information about other inmates, and would create a security risk for defendant Davis. *See, e.g., Ivy v. Johnson*, 2021 WL 322170, at *2 (M.D. Pa. Feb. 1, 2021). The motion to compel Defendant Davis to respond is denied.

3.3     Discovery Requests to Defendant Oberlander

Plaintiff seeks to compel Defendant Oberlander to respond to interrogatories seeking "verbal and written" documents "regenerated by investigations," including information pertaining to persons involved in "investigations" (Interrogatory number 11); the personnel file of Defendant Reitz (Interrogatory number 12); and documents relating to complaints "filed by employees of the

PA DOC and/or by inmates (Interrogatory number 13).  Defendant Oberlander objects to these queries, arguing confidentiality, relevance, proportionality, and overbreadth.  ECF No. 31-4, p. 19.

Certainly, Defendant Oberlander cannot be compelled to produce Defendant Reitz' personnel file for Plaintiff's examination, nor can Oberlander be compelled to provide Plaintiff copies of complaints "filed by employees of the PA DOC" or by inmates.  ECF No. 31-4, p. 22. Concerning Reitz' personnel file, this Court has explained,

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. *See, e.g., Reagan—Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); *Miles v. Boeing Co.,* 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[P]ersonnel files are confidential and discovery should be limited.").

*Bracey v. Price*, 2012 WL 849865, at *2–3 (W.D. Pa. Mar. 13, 2012).  Here, Plaintiff appears to contend that Reitz' personnel records may result in evidence regarding Defendant's honesty or may lead to other evidence that the Defendants are predisposed against prisoners.  *See* ECF No. 31-4, ¶ 12(A).  Neither of these two broad assertions meets the burden initially placed on the Plaintiff to prove the relevance of the request for information.  *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001).  Plaintiff fails to specifically assert or demonstrate the "particularized relevance" of any of the categories of records sought. While courts are reluctant to broadly prohibit discovery, given the breadth of these discovery requests, which may implicate records having no bearing on any claim asserted, Plaintiff's Motion to Compel Oberlander to provide Defendant Reitz' personnel record is denied.  *See, e.g., Paluch v. Dawson*, 2007 WL 4375937 (M.D. Pa. Dec. 12, 2007).

Plaintiff's request for the Court to compel Defendant Oberlander to provide any "complaints" filed by employees or inmates is also denied.  This is precisely the kind of sweeping, generalized and overly broad discovery requests judges have long rejected as being not only overly

broad, but unduly infringing upon the privacy interests of DOC staff as well as the interests of other inmates who may have sought to grieve unrelated issues that they had with staff.  *See, e.g., Salazar v. United States*, 2019 WL 919009, at *2 (M.D. Pa. Feb. 25, 2019); *Montanez v. Tritt*, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues.") (collecting cases).

Plaintiffs' request that Oberlander provide him with copies of documents pertaining to investigations is a closer question.  To the extent Plaintiff's claims are based on an inadequate investigation, the information sought would be irrelevant.  *See Hayes v. Gilmore*, Fed. Appx. 84, 87-88 (3d Cir. 2020) ("Inmates do not have a constitutionally protected right to the prison grievance process.  But to the extent an internal investigation provides information concerning the conduct of the Plaintiff's underlying claim, then such information is likely relevant.  Plaintiff has not provided the Court with any non-privileged records from investigations which Defendants have provided and therefore the Court cannot ascertain whether to sustain the objection.  Thus, the Court will order Defendant Oberlander to Respond, explaining his objections to Interrogatory 11.  See ECF No. 31-4, p. 19.

An order follows.

## ORDER

Defendant Oberlander, through counsel, is hereby directed to **RESPOND** within twenty-one days of the date of this order, explaining his objection to Interrogatory number 11:

> "Produce for inspect copies of all verbal and written documents
> regenerated (sic) by the investigations; to include person(s) involved
> investigations (sic) and their address/titles.  Also state: if you do not
> have any form of control of the documents; the name(s) and
> addresses and titles of person(s) who do.

*See* ECF No. 31-4.  The Plaintiff's Motion to Compel (ECF No. 31) is DENIED in all other respects.

So ORDERED this 23rd day of April, 2021.

_____

RICHARD A. LANZILLO
United States Magistrate Judge